■ SAMUEL M. PEARSON, Respondent, v EMILY PEARSON, Appellant.—In a matrimonial action, the defendant wife appeals from so much of a judgment of divorce of the Supreme Court, Nassau County, entered September 16, 1976, as (1) dismissed her counterclaim with regard to the ownership and possession of a certain Rolls Royce automobile, (2) directed delivery and transfer of absolute ownership of that automobile to the plaintiff and (3) fixed the amount of alimony. Judgment modified, on the facts, by deleting from the sixth decretal paragraph thereof the sums of $24,000 and $34,000 wherever they appear in the said paragraph and substituting therefor the sums $30,000 and $40,000, respectively. As so modified, judgment affirmed insofar as appealed from, with costs to appellant. The parties were married in 1936. In 1969 the wife obtained a judgment of·separation grounded on abandonment. The judgment of divorce is based upon the conversion of the judgment of separation pursuant to subdivision (5) of section 170 of the

Domestic Relations Law. At the time of the judgment the wife was left in poor health, at the age of 61 years, with no employable skills. She has incurred debts and will be forced to acquire a new dwelling upon the sale of the marital residence. In contrast, the plaintiff is a stockbroker with a 23% interest in a brokerage firm. He has a steady income from salary, dividends and tax exempt bonds. In the years from 1973 to 1975 he had an average gross income after deduction of taxes of approximately $120,000. There is evidence of other income by virtue of the discrepancy between admitted gross income and the amount of checks drawn upon his checking account during the years 1973 and 1974. The husband presently has a net worth of well over $1,500,000. He resides in a $140,000 home free of all encumbrances. On the basis of the foregoing facts, we find that the wife is entitled to a greater share in her former husband's wealth. Hopkins, J. P., Cohalan, Margett and Hawkins, JJ., concur.